# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**COMMERCE & INDUSTRY**
**INSURANCE COMPANY,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　Case No:   6:17-cv-965-Orl-31KRS

**SOUTHERN CONSTRUCTION LABOR**
**SERVICES, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF COMMERCE & INDUSTRY INSURANCE COMPANY'S MOTION FOR ENTRY OF DEFAULT JUDGMENT FOR SUM CERTAIN (Doc. No. 26)**
>
> **FILED:** February 13, 2018

### I.   BACKGROUND.

On May 26, 2017, Plaintiff Commerce & Industry Insurance Company ("Commerce & Industry") filed a complaint in this case against Defendant, Southern Construction Labor Services, LLC ("Southern Construction"), alleging that Southern Construction failed to pay premiums due under a workers' compensation insurance policy issued by Commerce & Industry.  Doc. No. 1. On November 20, 2017, Commerce and Industry filed an amended complaint that corrected jurisdictional deficiencies in its original complaint.  Doc. No. 19.  In the amended complaint, it asserts a claim for breach of contract and an alternative claim for quantum meruit/unjust enrichment.

Commerce & Industry served Southern Construction with the amended complaint, Doc. No. 23, but Southern Construction failed to appear. Accordingly, at the request of Commerce & Industry, the Clerk of Court entered a default against Southern Construction. Doc. No. 25. Commerce & Industry now seeks entry of a default judgment against Southern Construction.

Southern Construction has not responded to Commerce & Industry's motion for default judgment, and the time to do so has passed. The presiding District Judge referred the motion for default judgment to me for issuance of a Report and Recommendation, and the matter is now ripe for review.

## II.     STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not *well-pleaded* or to admit conclusions of law.").[1] Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether [the] plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-has-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement applies with equal force

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all binding decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

in the analysis of a motion for default judgment. *DeLotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 U.S. Dist. LEXIS 110538, at *2–4 (M.D. Fla. Sept. 3, 2009), *adopted by* 2009 U.S. Dist. LEXIS 110257 (M.D. Fla. Nov. 24, 2009) (citations omitted).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather the Court determines the amount and character of the damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for purposes of assessing damages. Fed. R. Civ. P. 55(b)(2); *see also SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). However, a hearing is not necessary if a party submits sufficient evidence to support the request for damages. *Smyth*, 420 F.3d at 1232 n.13.

### III.   FACTUAL ALLEGATIONS.

Effective March 31, 2015, Commerce & Industry and Southern Construction entered into Worker's Compensation Insurance Policy number 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 ("the 2015-2016 Policy"), with a policy period of March 31, 2015, to March 31, 2016 ("the 2015-2016 Policy Period"). Doc. No. 19 ¶ 9. Effective March 31, 2016, Commerce & Industry and Southern Construction renewed Worker's Compensation Insurance Policy number 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 ("the 2016-2017 Policy"), with a policy period of March 31, 2016, to March 31, 2017 ("the 2016-2017 Policy Period"). *Id. ¶* 10.

Commerce & Industry determines the worker's compensation policy premium based upon the payroll information of an insured during the course of the policy periods. Because Southern Construction's final payroll amounts could not be determined with certainty until after the end of each policy period, Commerce & Industry billed Southern Construction an initial "estimated premium" at the beginning of a policy period. Each Policy specifically states that the premium

initially charged "is an estimate" and the "final premium will be determined after [the] policy ends by using the actual" payroll determined via an audit. *Id.* ¶ 11. Pursuant to the terms of the Policies, Southern Construction was responsible for paying any additional premium amounts due after the determination of the final premium. *Id.* ¶ 12. Under the Policies, Commerce & Industry had the right to conduct an audit within three years of the end of the Policy Periods. *Id.* ¶ 13. The audit for the 2015-2016 Policy Period resulted in $210,645.00 being calculated as the final premium owed. *Id.* ¶ 14. The audit for the 2016-2017 Policy Period resulted in $185,400.00 being calculated as the final premium owed. *Id.* ¶ 16.

At all times from the start of the 2015-2016 Policy Period until on or about March 31, 2017, Commerce & Industry provided worker's compensation insurance coverage to Southern Construction. *Id.* ¶ 18. Southern Construction failed to make all payments due to Commerce & Industry under the Policies. *Id.* ¶ 24. To date, after calculation of all applicable fees and payments, the remaining balance owed by Southern Construction pursuant to the Policies is $396,045.00. *Id.* ¶ 19.

**IV.   DISCUSSION.**

   *A. Liability.*

Under Florida law, "[t]he elements of a breach of contract action are (1) a valid contract; (2) a material breach; and (3) damages." *Beck v. Lazard Freres & Co., LLC*, 175 F.3d 913, 914 (11th Cir. 1999) (citing *Abruzzo v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st Dist. Ct. App. 1992)). Commerce & Industry alleges that the parties entered into two valid contracts, the 2015-2016 Policy and the 2016-2017 Policy. It attached both Policies to its amended complaint. *See*, e.g. Doc. Nos. 19-2, 19-3. Southern Construction materially breached both Policies by failing to pay the final policy premiums, even though Commerce & Industry provided coverage at all times during the

Policy Periods. As a result, Commerce & Industry suffered damages in the amount of $396,045.00. The foregoing allegations, which were admitted by virtue of Southern Construction's default, are sufficient to establish that Southern Construction is liable for breach of contract.

Because Commerce & Industry has established Southern Construction's liability on its breach of contract claim, the Court need not consider its alternative quantum meruit/unjust enrichment claim.

*B. Damages.*

In support of its damages request, Commerce & Industry has submitted the Declaration of Dana Burgagni, the Custodian of Records for American International Group, Inc. ("AIG").[2] Doc. No. 26-1. Burgagni attaches to her declaration the invoices reflecting the premiums due on the 2015-2016 and 2016-2017 Policies. *Id.* at 16-17, 19-21. The invoices show that Southern Construction owed premiums of $210,645.00 and $185,400.00, for a total of $396,045.00. This amount is recoverable.

**V. RECOMMENDATIONS.**

In light of the foregoing, I respectfully **RECOMMEND** that the Court do the following:

1. **GRANT** Plaintiff's Motion for Entry of Default Judgment for Sum Certain (Doc. No. 26);

2. **FIND** Southern Construction Labor Services, LLC liable for breach of contract;

3. **AWARD** Commerce & Industry Insurance Company $396,045.00 in damages; and

---

[2] AIG Property Casualty, Inc. is a wholly owned subsidiary of AIG. AIG Property Casualty, U.S., Inc., is a wholly owned subsidiary of AIG Property Casualty, Inc. Commerce & Industry is a wholly owned subsidiary of AIG Property Casualty, U.S., Inc. Doc. No. 26-1, at 2 ¶¶ 3-5.

4. **DIRECT** the Clerk of Court to issue a judgment consistent with the Court's ruling on this Report and Recommendation and, thereafter, to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 26, 2018.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE